IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PACIFICA MAGNOLIA LLC,

      Plaintiff,

v.                                      CASE NO. 1:18-cv-17-MW-GRJ

ANNA GRIFFIN,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

On January 24, 2018, Defendant, proceeding *pro se*, removed this state court eviction action from the County Court of the Eighth Judicial Circuit in and for Alachua County, Florida. *See Pacifica Magnolia LLC v. Griffin*, Case No. 01-2017-CC-004058 (Fla. Alachua County Ct.). ECF No. 1. Recognizing that this Court did not have subject matter jurisdiction over a state court eviction action the Court issued an order to show cause to Defendant to demonstrate why the Court has subject matter jurisdiction and why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 5.) Defendant did not file a response to the show cause order nor has Plaintiff entered an appearance and filed a motion to remand.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). As the Supreme Court has stated,

> In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens. § 1332. To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). No such jurisdiction exists in this case.

Although Defendant never filed the state court documents after the case was removed it is evident that the state court action concerns an attempt to evict Defendant from an apartment or other dwelling. In the notice of removal Defendant obliquely mentions discrimination, violation of civil rights and a denial of a right to jury trial. These matters even if true concern her defenses or counterclaims against the landlord eviction action

and cannot serve as the basis for federal question jurisdiction. Federal

question jurisdiction is determined  based upon the claims in the complaint.

If the complaint does not raise a federal question a defendant cannot

manufacture federal question jurisdiction by raising federal questions or

claims in the defense to the suit. To the extent that the plaintiff has violated

federal laws or federal civil rights law the proper course of action is to file

suit in federal court and not to remove a state action, as here, that is not

brought based upon any federal claims.

To the extent that Defendant is attempting to assert diversity

jurisdiction she cannot do so because only non-residents—and not Florida

defendants like Defendant in this case— can remove a state case to

federal court.  28 U.S.C. § 1441(b)(2); *see also Tillman v. R.J. Reynolds*

*Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) ("For removal under 28

U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in

which the action was brought.").

Accordingly, because this Court does not have subject matter

jurisdiction over this case the case should be dismissed.

For the foregoing reasons, tt is respectfully **RECOMMENDED** that

this case should be **DISMISSED** for lack of subject matter jurisdiction.

      **IN CHAMBERS** on the 2nd day of March 2018.

*s/Gary R. Jones*

      GARY R. JONES
      United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

      **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.